# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESSICA L. VALDERRAMA | * | CIVIL ACTION NO. 2:15-cv-01750 |
| versus | * | JUDGE IVAN LEMELLE |
| JOURNEYMAN CONSTRUCTION, INC. AND WAL-MART STORES, INC. | * | MAG. JUDGE D. KNOWLES |

## ANSWER OF JOURNEYMAN CONSTRUCTION, INC. AND WAL-MART STORES, INC. AND THIRD PARTY COMPLAINT

**NOW COME**, through undersigned counsel, Journeyman Construction, Inc. (Journeyman") and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively, "Defendants" unless otherwise indicated), sought to be made defendants herein for answer to the Petition of Plaintiff, Jessica Valderrama, with respect represent as follows.

## FIRST DEFENSE

The Petition fails to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

**AND NOW**, answering separately the allegations of the Petition, Defendants admit, deny, and aver as follows:

1.

Defendants deny the allegations of paragraph 1 of the Petition for lack of sufficient information to justify a belief therein.

2.

In answer to the allegations of paragraph 2 of the Petition, Journeyman admits only that it is a Texas corporation doing business in Louisiana with a registered office in Baton Rouge, Louisiana.

3.

In answer to the allegations of paragraph 3 of the Petition, Wal-Mart admits only that it is a Delaware corporation doing business in Louisiana with a registered office in Baton Rouge, Louisiana.

4.

The allegations of paragraph 4 state a conclusion of law that require no answer. Further answering, while Defendants deny that Plaintiff is entitled to recovery, they aver that the damages pled exceed $75,000.

5.

The allegations of paragraph 5 state a conclusion of law that require no answer. Further answering, Defendants deny they committed any offenses or quasi offenses in the Parish of St. Tammany or anywhere else.

6.

Defendants deny the allegations of paragraph 6 of the Petition for lack of sufficient information to justify a belief therein.

7.

In response to the allegations of paragraph 7 of the Petition, Defendants deny that Journeyman cleared the property but admit that Plaintiff did not suffer any damages from the construction of the Wal-Mart store.

8.

Although the allegations of paragraph 8 of the Petition are impermissibly vague as to when Plaintiff noticed that her street was retaining excessive water and flooding, Defendants deny the allegations of paragraph 8 of the Petition and call for strict proof.

9.

Defendants deny the allegations of paragraph 9 of the Petition for lack of sufficient information to justify a belief therein.

10.

Defendants deny the allegations of paragraph 10 of the Petition and call for strict proof.

11.

Defendants deny the allegations of paragraph 11 of the Petition and call for strict proof.

12.

Defendants deny the allegations of paragraph 12 of the Petition and call for strict proof.

13.

Defendants deny the allegations of paragraph 13 of the Petition and call for strict proof.

14.

Defendants deny the allegations of paragraph 14 of the Petition and call for strict proof.

15.

Defendants deny the allegations of paragraph 15 of the Petition and call for strict proof.

16.

Defendants deny the allegations of paragraph 16 of the Petition and call for strict proof.

17.

Defendants deny the allegations of paragraph 10 of the Petition and call for strict proof.

18.

The allegations of paragraph 18 of the Petition state a conclusion of law that require no answer; however, Defendants deny said allegations.

19.

The allegations of paragraph 19 of the Petition state a conclusion of law that require no answer; however, Defendants deny said allegations.

20.

Defendants deny the allegations of paragraph 20 of the Petition and call for strict proof.

21.

The allegations of paragraph 21 require no answer from Defendants.

22.

In response to the allegations in the unnumbered paragraph commencing **"WHEREFORE,"** Defendants deny that Plaintiff is entitled to the relief prayed for or any relief whatsoever.

## THIRD DEFENSE

Defendants plead the negligence or fault of other persons, whether named or unnamed, over whom they exercised no authority, direction or control and for whose acts and omissions they cannot be legally responsible.

## FOURTH DEFENSE

Defendants plead that the negligence or fault of third persons, whether named or unnamed, bars or reduces recovery, if any, against Defendants.

**FIFTH DEFENSE**

Defendants affirmative allege that Plaintiff has failed to mitigate, minimize or avoid her alleged damages, if any.

**SEVENTH DEFENSE**

Defendants plead that Plaintiff's claims are barred by laches, estoppel, unclean hands, prescription, statutes of limitation, and preemption.

**EIGHTH DEFENSE**

Defendants allege that Plaintiff's damages, if any, were caused by superseding and/or intervening causes, or force *majeure*.

**NINTH DEFENSE**

Journeyman denies that any of Plaintiff's alleged damages were caused or contributed to by acts of Journeyman or anyone for whom they may be responsible.

**TENTH DEFENSE**

In the event that it is determined that Plaintiff is entitled to any recovery, which is denied, Defendants are entitled to all credits and set-offs for any amounts for which it may be cast in judgment.

**ELEVENTH DEFENSE**

Defendants plead the comparative negligence and/or fault of Plaintiff in diminution or as total bar to her recovery.

**TWELFTH DEFENSE**

To the extent not inconsistent with the foregoing, Defendants deny all material allegations of Plaintiff's original Petition.

**THIRTEENTH DEFENSE**

Defendants reserve their rights to supplement their answer.

**FOURTEENTH DEFENSE**

Defendants aver that to the extent Plaintiff is allowed to recover damages, which is denied, such damages were caused by the fault and/or negligence of others for whom Defendants are not responsible, including, but not limited to, any responsible person regardless of whether named as a party in this action. Defendants also aver that they are entitled to indemnity from any such person or entity.

**FIFTHTEENTH DEFENSE**

Journeyman at all times, performed in a workman-like manner.

**SIXTEENTH DEFENSE**

Defendants are entitled to and hereby request a trial by jury on all issues.

**SEVENTEENTH DEFENSE**

Defendants assert all rights to indemnity against other parties, whether named or unnamed.

**EIGHTEENTH DEFENSE**

Defendants reserve their right to amend the foregoing answers and affirmative defenses.

**NINETEENTH DEFENSE**

Journeyman pleads immunity and all limitations on liability pursuant to LSA-R.S. 9:2771.

**TWENTIETH DEFFENSE**

Journeyman pleads all limitations on liability pursuant to LSA-R.S. 9:2773.

**TWENTY-FIRST DEFENSE**

Although Defendants deny that Plaintiff suffered any harassment, she cannot recover damages for any alleged harassment.

**TWENTY-SECOND DEFENSE**

Although Defendants deny that Plaintiff's residence sustained a diminution in value that is causally connected to the construction of the Wal-Mart store, any such diminution, is not recoverable.

**THIRD PARTY COMPLAINT**

**AND NOW**, assuming the position of Third Party Plaintiff, Defendant, Journeyman, respectfully avers as follows:

1.

Made Third Party Defendant is Beverly Construction Co., L.L.C. ("Beverly"), a Louisiana limited liability company.

2.

Made Third Party Defendant is the Gray Insurance Company ("Gray"), a Louisiana company that was incorporated in the State of Louisiana.

3.

Plaintiff in the main demand filed suit against Journeyman and Wal-Mart for property damage and personal injury allegedly sustained as the result of "pile driving, the use of heavy equipment and other activities of Journeyman during the construction of the Wal-Mart" store behind Plaintiff's home in Slidell, Louisiana. [1]

4.

---

[1] See Petition For Damages, Rec. 1-11

Plaintiff has alleged that Journeyman and Wal-Mart are liable unto Plaintiff for a violation of Louisiana Civil Code article 667.

5.

Journeyman and Wal-Mart have denied that they are liable to Plaintiff.

6.

In the alternative, Journeyman, while denying any all liability to Plaintiff, alleges that it is entitled to a full defense and indemnity from Beverly and Gray for any and all amounts for which Journeyman may be cast in judgment.

7.

Journeyman was the general contractor on the project to build the Wal-Mart store.

8.

On May 8, 2014, Journeyman and Beverly entered into a subcontract ("Subcontract") for site construction. In particular, the Subcontract called for Beverly to perform earthwork, erosion and sediment control, water distribution, sanitary sewage system, sewer, manholes, frames, covers storm drainage, site demolition, site clearing, soil stabilization, base course, asphaltic concrete pavement and curbs and sidewalks.[2]

9.

Section 7 of the Subcontract contains the following indemnity language:

**SECTION 7.**

**EXCEPT AS OTHERWISE PROVIDED, SUBCONTRACTOR SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS CONTRACTOR AND OTHER PERSON OR ENTITY THAT CONTRACTOR IS REQUIRED TO DEFEND AND INDEMNIFY UNDER THE CONTRACT DOCUMENTS (COLLECTIVELY "THE INDEMNITEES") FROM AND AGAINST ANY**

---

[2] See Subcontract, attached as Exhibit A

**AND ALL LOSSES OR LIABILITIES FOR A CLAIM, DAMAGE, EXPENSE OR GOVERNMENTALLY IMPOSED FINE, PENALTY, ADMNISTRATIVE ACTION, OR OTHER ACTION OF EVERY KIND AND NATURE (COLLECTIVELY "LIABILITIES") ARISING OUT OF OR RELATED TO THE SUBCONTRACT WORK OR THIS SUBCONTRACT, INCLUDING BUT NOT LIMITED TO LIABILITIES ATTRIBUTABLE TO PERSONAL INJURY, DEATH, LOSS OF USE, OR PROPERTY DAMAGE (INCLUDING THE WORK ITSELF), TO THE EXTENT CAUSED BY THE NEGLIGENCE OR FAULT, STRICT LIABILITY, BREACH OR VIOLATION OF A STATUTE, ORDINANCE, GOVERNMENTAL REGULATION, STANDARD, OR RULE, OR BREACH OF CONTRACT (COLLECTIVELY "WRONGFUL CONDUCT") OR BY SUBCONTRACTOR, ITS AGENT(S), EMPLOYEE(S), OR SUBCONTRACTOR(S) OF ANY TIER. SUBCONTRACTOR SHALL DEFEND, INDEMNIFY AND HOLD HARMLESS THE INDEMNITEES FROM AND AGAINST ANY AND ALL LIABILITIES ARISING OUT OF OR RELATED TO THE SUBCONTRACT WORK OR THIS SUBCONTRACT, INCLUDING BUT NOT LIMITED TO LIABILITIES ATTRIBUTABLE TO PERSONAL INJURY, DEATH OR PROPERTY DAMAGE (INCLUDING THE WORK ITSELF), EVEN TO THE EXTENT CAUSED BY THE SOLE, PARTIAL, CONTRIBUTORY, CONCURRENT, OR JOINT WRONGFUL CONDUCT OF THE INDEMNITEES, ANY OF THEIR AGENTS OR EMPLOYEES, AND ANY THIRD PARTIES UNDER THE CONTROL OR SUPERVISION OF THE INDEMNITEES, TO THE EXTENT THIS SUBCONTRACT REQUIRES SUBCONTRACTOR TO OBTAIN INSURANCE TO INSURE SUCH OBLIGATION AND THERE IS EVIDENCE THAT SUBCONTRACTOR RECOVERED THE COST OF THE REQUIRED INSURANCE IN THE CONTRACT PRICE AS PROVIDED BY LA. REV. STAT. § 9:2780.1(I)(1). NOTHING HEREIN SHALL BE CONSTRUED SO AS TO INVALIDATE OR OTHERWISE EFFECT THE ENFORCEABILITY OF ANY CONTRACTUAL REQUIREMENT THAT CONTRATOR BE NAMED AS AN ADDITIONAL INSURED ON ANY INSURANCE POLICY OBTAINED BY SUBCONTRACTOR AS PROVIDED BY LA. REV. STAT. § 9:2780.1(I)(2).**[3]

10.

Pursuant to the foregoing language, the Subcontract obligates to Beverly to defend and indemnify Journeyman and Wal-Mart.

---

[3] See Subcontract, at p. 12, attached as Exhibit A.

11.

The Subcontract also required that Beverly procure commercial general liability ("CGL") insurance and name Journeyman as an additional insured on the CGL policy.[4]

12.

Upon information and belief, Beverly obtained a CGL policy from Gray Insurance Company with effective dates of coverage of September 16, 2013, until October 1, 2016, bearing policy no. XSGL-074080. This policy named Journeyman as an additional insured. Because Journeyman is an additional insured, the claims asserted against it by Plaintiff are covered under the policy issued by Gray to Beverly.[5]

**WHEREFORE**, Defendant and Third Party Plaintiff prays that this Answer and Third Party Complaint be deemed good and sufficient and duly served on Third Party Defendants and that after all due proceedings are had there be judgment rendered in their favor and against Plaintiff, dismissing her demand, with prejudice, at her cost. Defendant and Third Party Plaintiff further prays that there be judgment over and against Third Party Defendants for full defense and indemnification and for all other relief as the nature of this case may permit, including but not limited to the recovery of attorney fees and costs. Defendants and Third Party Plaintiff further pray for trial by jury.

---

[4] See Subcontract, Exhibit A.
[5] See Declarations sheet for Gray Insurance, attached as Exhibit B.

                s/ James M. Garner
                JAMES M. GARNER #19589
                DEBRA J. FISCHMAN #5578
                **SHER GARNER CAHILL RICHTER**
                **KLEIN & HILBERT, L.L.C.**
                909 Poydras Street - 28th Floor
                New Orleans, LA 70112
                Telephone: 504-299-2100
                Facsimile: 504-299-2300
                **ATTORNEYS FOR JOURNEYMAN CONSTRUCTION, INC. AND WAL-MART STORES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record, on this 17th day of June, 2015.

                s/James M. Garner
                JAMES M. GARNER